## STATE v. NATHANIEL EDDIE DUNN.

(Filed 28 November, 1956.)

**Narcotics § 2—**

Evidence that there was found in the glove compartment of defendant's car a glass tumbler, three hypodermic needles, a hypodermic syringe, gauze, and a small bottle of water labeled for use in injections, without finding any habit forming drugs and without evidence that the articles had been used or were possessed for the purpose of administering habit forming drugs, is insufficient to be submitted to the jury in a prosecution under G.S. 90-108.

JOHNSON, J., not sitting.

APPEAL by defendant from *Williams, J.,* May Criminal Term, 1956, of CUMBERLAND.

Criminal prosecution on bill of indictment charging that defendant, on 2 January, 1956, "unlawfully, willfully and feloniously did have and possess a hypodermic syringe and needle adapted for the use of habit forming drugs by subcutaneous injections, and *which was possessed for the purpose of administering habit forming drugs,* in violation of N. C. General Statute 90-108, . . . ." (Italics added.)

Upon the jury's verdict of guilty as charged, judgment was pronounced imposing prison sentence. Defendant excepted and appealed, assigning errors.

*Attorney-General Patton and Assistant Attorney-General Bruton for the State.*

*Nance, Barrington & Collier for defendant, appellant.*

PER CURIAM. Defendant played the saxophone in the DeLesa Club band. While driving home, about 3:35 a.m., he "ran" a stop sign and shortly thereafter failed to stop for a red light. A State Highway Patrolman observed him, "blew his siren on him," and defendant stopped. Defendant exhibited his operator's license and registration card. He was arrested, indicted and tried for said traffic violations.

With defendant's permission, the officer searched defendant's car. He found in the glove compartment a glass tumbler, three hypodermic needles, a hypodermic syringe, gauze, and a small bottle of water

labeled "water for injections, used for the preparation of solutions for injections." No habit forming drugs were found.

The officer testified: "I asked the defendant what he was doing with that (the articles) in his car. He stated first that it was for penicillin, and I asked him the second time, and he stated that he did not even know it was in there." According to the officer's testimony, defendant stated further that he frequently permitted others to use his car.

The testimony of defendant tended to exculpate him. According to defendant, the officer asked him: "What do you do with this?" And his answer was, "Looks like you use it for penicillin"; because it looked like the same thing used when he was given injections in the army.

The only character evidence was to the effect that defendant's general reputation in the community was good.

There is no evidence that defendant knew that these articles were in the glove compartment unless an inference of such knowledge may be drawn from the fact that they were there. Be that as it may, there is no evidence that these articles had been used or were possessed for the purpose of administering habit forming drugs.

The evidence, when considered in the light most favorable to the State, as the Attorney-General rightly concedes, does nothing more than raise a suspicion that defendant may be guilty of the offence charged.

The defendant's motion for judgment of nonsuit, aptly made at the close of all the evidence (G.S. 15-173), should have been allowed. Hence, the judgment of the court below is

Reversed.

JOHNSON, J., not sitting.